UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ZULEYKA MORALES and ALAN COX,                    **AMENDED
                                                 COMPLAINT**
                                Plaintiffs,
                                                 21 CV 7332 (AT)
            -against-
                                                 <u>Jury Trial Demanded</u>

CITY OF NEW YORK, BILL DE BLASIO, Individually,
DERMOT SHEA, Individually, TERENCE MONAHAN,
Individually, PATRICK CONNOLLY, Individually,
ILEANA FELIZ, Individually, ELLIOT ZINSTEIN,
Individually, CHAD MACK, Individually,
DAVID LAMARRE, Individually, HARVEY RABEL,
Individually, PETER SOTIRIOU, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                Defendants.

--------------------------------------------------------------------------------X

        Plaintiffs ZULEYKA MORALES and ALAN COX, by their attorneys, Brett H. Klein,

Esq., PLLC, complaining of the defendants, respectfully allege as follows:

<u>**Preliminary Statement**</u>

        1.       Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert

supplemental state law claims.

<u>**JURISDICTION**</u>

        2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ZULEYKA MORALES is a thirty-two-year-old female resident of New York.

7.      Plaintiff ALAN COX is a thirty-two-year-old male resident of New Jersey.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      Defendant BILL DE BLASIO was, at all times relevant to this Complaint, Mayor of the City of New York and had final policymaking authority with respect to the NYPD and was further responsible for appointing Commissioner DERMOT SHEA.

11.      Defendant DERMOT SHEA was, at all times relevant to this Complaint, the Police Commissioner for the NYPD and had final policymaking authority with respect to the NYPD.

12.      Defendant TERENCE A. MONAHAN was, at all times relevant to this Complaint,

2

the Chief of Department for the NYPD, and was delegated final policymaking authority with respect to the NYPD's policies relating to the management of protests.

13.    That at all times hereinafter mentioned, the individually named defendants, PATRICK CONNOLLY, ILEANA FELIZ, ELLIOT ZINSTEIN, CHAD MACK, DAVID LAMARRE, HARVEY RABEL, PETER SOTIRIOU, and JOHN and JANE DOE 1 through 10, were duly sworn lieutenants, sergeants, and police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

14.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

15.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

16.    On June 2, 2020, plaintiffs MORALES and COX had participated in a lawful protest in Manhattan for the Black Lives Matter (hereinafter "BLM") movement.

17.    In New York City, large scale protests in support of BLM, and in response to the death of George Floyd, and the history of police killings of unarmed black people, began on May 28, 2020, and essentially occurred daily through early June, throughout the City.

18.    The protests were overwhelmingly peaceful, as was the protest plaintiffs participated in, nonetheless the NYPD officers responded by unjustifiably corralling people, effecting mass arrests without probable cause, and deploying pepper spray, batons, and other

force against protesters.

19.     With respect to plaintiffs MORALES and COX, at approximately 7:49 p.m. on June 2, 2020, plaintiffs were peacefully marching when they observed a large police presence, including police in riot gear near the intersection of West Street and Morris Street, in Manhattan.

20.     The officers had formed a wall blocking the protestors' path.

21.     Upon observing the large police presence, plaintiffs COX and MORALES, who worked as security guards at the World Trade Center, were attempting to disperse and walk away from the officers.  Plaintiffs intended to proceed from the protest to their place of work.

22.     Plaintiff MORALES wore a badge around her neck that was distributed by a governmental agency, and which identified plaintiff as an essential worker who was permitted to be out despite curfews in place.

23.     As the line of officers approached the peaceful protestors, defendant PETER SOTIRIOU, who is believed to hold the rank of lieutenant, ordered that the officers should "start grabbing people."

24.     Thereafter, as plaintiffs walked northbound in retreat, MORALES observed the police moving forward towards the retreating peaceful protestors and observed officers grabbing and throwing protestors to the ground.

25.     MORALES also observed a group of officers striking a person on the ground.

26.     Plaintiff MORALES took out her cell phone to record officers striking the individual.

27.     As soon as plaintiff MORALES pressed record, defendant Sergeant ELLIOT ZINSTEIN rushed plaintiff from behind and tackled her to the ground, without reason or

4

justification, and ordered her arrest.

28.     While on the ground, defendants, including, detective CHAD MACK, Sergeant DAVID LAMARRE, and multiple as of yet unidentified officers, approached and at least two additional unidentified JOHN DOE officers participated in the continued unjustified restraint of plaintiff.

29.     Despite that plaintiff MORALES was not committing a crime or engaged in any threatening or violent behavior, had been attempting to leave the area by walking northbound, and repeatedly informed the defendants that she was an essential worker and that she had identification confirming this around her neck, LAMARRE, MACK, and at two as of yet unidentified JOHN DOE NYPD officers, continued to restrain and unreasonably use force against plaintiff, and arrest her.

30.     In the process, an officer believed to be defendant MACK struck plaintiff MORALES' head against the sidewalk and street multiple times, and the defendants and obstructed plaintiff's breathing by kneeling, or otherwise pressing down on her back and neck. Plaintiff MORALES was complaint and asked if the officers could get off her, to no avail.

31.     As a result of the defendants' actions, plaintiff MORALES was terrified and feared for her life.

32.     Defendants, including LAMARRE placed zip ties on plaintiff MORALES' wrists, which LAMARRE applied in an over tight manner.

33.     Plaintiff MORALES was then handed off to defendant HARVEY RABEL, whose custody plaintiff remained in for a period of time.

34.     Plaintiff MORALES requested that RABEL loosen the zip ties, but the officer

5

claimed he could not do so.

35.    MORALES also informed RABEL she was an essential worker, but he did nothing to intervene in MORALES continued unlawful arrest.

36.    After an unreasonable amount of time, plaintiff's overtight zip ties were removed and new zip ties were placed on her wrists.

37.    Plaintiff MORALES was then transferred to the custody of defendant PATRICK CONNOLLY, with whom she remained with for the rest of her booking process.

38.    Plaintiff COX, who had observed plaintiff MORALES being pushed by the NYPD officer, pulled out his phone to take a picture of the assaulting officer's badge number.

39.    As plaintiff COX pulled out his phone, defendant ILEANA FELIZ, grabbed COX and placed zip ties on his wrists.

40.    Plaintiff COX asked why he was being arrested and identified himself as an essential worker, but defendant FELIZ ignored him and proceeded to walk COX towards a police van.

41.    Plaintiff COX, who had not committed any offense, slipped his hands out of the zip ties and proceeded to place his hands above his head to indicate he was not a threat.

42.    Defendant COX responded by calling for backup and three additional officers approached.  Although COX was not engaged in any threatening behavior, the three defendant officers proceeded to scream at plaintiff COX and throw him against a median divider and placed him in overtight metal handcuffs.

43.    Plaintiffs MORALES and COX were imprisoned in police vehicles and transported to Brooklyn for arrest processing along with other individuals who had been arrested

at the protest.

44.     Plaintiff COX arrived at the processing facility between 8:00 p.m. and 9:00 p.m.

45.     While waiting in line at the processing facility, plaintiff MORALES began to feel increasingly unwell and like she was going to lose consciousness and was then transported by ambulance to NYU Langone Hospital – Cobble Hill.

46.     At the hospital, the zip ties were removed, and plaintiff MORALES was placed in metal handcuffs.

47.     Plaintiff MORALES was diagnosed with hematomas and abrasions to her forehead.

48.     After receiving treatment, plaintiff MORALES was transported back to the booking facility where she was further detained.

49.     Plaintiff MORALES was made to wait in a cell for hours with her hands still painfully secured by handcuffs.

50.     Plaintiff COX was detained for eight hours and subsequently released on June 3, 2020, at approximately 4:00 a.m. with two baseless summonses issued by defendant FELIZ charging him with violating curfew and walking on a public roadway.

51.     Plaintiff MORALES was finally released between 7:00 a.m. and 8:00 a.m. on June 3, 2020, with a summons issued by defendant CONNOLLY falsely charging her with violating curfew.

52.     Subsequently, plaintiffs MORALES and COX received letters dated July 1, 2020, stating that the summonses were legally deficient, and that plaintiffs did not need to appear in court to answer the summons.

53.     Defendants' actions violated plaintiff MORALES' and COX's right to speech, expression, and to assemble.

54.     In addition to sustaining head injuries, plaintiff MORALES also suffered a right wrist injury, and pain to her left shoulder, left elbow and knee, and significant emotional distress.

55.     Plaintiff COX suffered pain and soreness to his wrists as well as significant emotional distress.

56.     Defendants DE BLASIO, SHEA, MONAHAN, CONNOLLY, FELIZ, ZINSTEIN, MACK, LAMARRE, RABEL, SOTIRIOU, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct and unconstitutional policies of the City of New York.

57.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, employing excessive force in response to peaceful protests and engaging in an improper protest response tactic known as kettling, whereby protestors are corralled in such a manner that they are prevented from dispersing and then forcefully arrested, and often placed in excessively tight handcuffs, as were plaintiffs here.

58.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware that the NYPD has a long history of documented instances of aggressive policing towards protestors, and of the NYPD responding to protests with excessive force and kettling.

59.     This history of aggressively policing protests and improperly arresting protestors

has been documented by the New York Civil Liberties Union following anti-war protests in 2003 and the Republican National Convention (RNC) protests in 2004, and with respect to the RNC protests further confirmed by the Civilian Complaint Review Board, which published its own findings that then-Deputy Chief MONAHAN and another deputy chief failed to issue orders to disperse which were sufficiently audible, understandable, or with enough time to allow protesters to actually disperse before effecting arrests, resulting in the mass arrest protesters.

60.     Moreover, following the Occupy Wall Street protests in 2011, the Protest and Assembly Rights Project issued a 2012 report which also detailed complaints of excessive force against protesters, bystanders, lawyers, legal observers, and journalists.

61.     With respect to the BLM protest movement, the aggressive tactics and policies of responding to peaceful protests with excessive force and failing to allow protestors an opportunity to disperse before effecting mass arrests, has been well documented.  Further, these policies and practices were directed and ratified by the NYPD supervising officers and Mayor DE BLASIO, who failed to adequately train or supervise the NYPD officers who were deployed to police the protests, and thereafter gave orders to execute these unlawful practices and praised said officers' response to the BLM protests, thereby authorizing, sanctioning, and encouraging the aggressive and violent police tactics that resulted in the constitutional violations suffered by plaintiffs and others.

62.     The pervasiveness of these improper policies and practices, and the inadequate training and supervision of officers policing the BLM protests, has been well documented by numerous law lawsuits arising out of the 2020 arrests, including, *Payne et al*. *v. de Blasio et al.* No. 20-cv-08924 (S.D.N.Y.), *Gelbard et al. v. City of New York et al.*, 20-cv-3163 (E.D.N.Y.),

*Sierra et al. v. City of New York et al.*, 20-cv-10291 (S.D.N.Y.), *Jeffrey v. City of New York et al.*, 20-cv-2843 (EDNY), among others.

63.     Further, the Attorney General of the State of New York has brought an action, *People of the State of New York v. City of New York et al.*, 21-cv-0322 (S.D.N.Y.) for declaratory and injunctive relief in an effort to end the NYPD's established practice of suppressing peaceful protests through the use of excessive force and mass arrests.

64.     Despite notice of the forgoing, the CITY OF NEW YORK, Mayor DE BLASIO, Commissioner SHEA, and Chief MONAHAN, have failed to train or supervise subordinate officers or take corrective action to address the NYPD's pervasive use of force and mass arrests of protests, thereby ratifying and endorsing said behavior such that it constituted a City policy.

65.     Defendant CITY OF NEW YORK, Mayor DE BLASIO, Commissioner SHEA, and Chief MONAHAN ratified the unconstitutional policies and practices employed against BLM protestors via their support for the NYPD's response to the BLM protests, and their failure to train, supervise, and discipline their subordinate officers.  These failures and policies were the moving force behind the constitutional violations suffered by plaintiff and constituted deliberate indifference to plaintiffs' and other protestors' rights.

66.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

67.     All of the aforementioned acts deprived plaintiffs ZULEYKA MORALES and ALAN COX of the privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

68.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

69.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

70.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

72.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants arrested plaintiffs ZULEYKA MORALES and ALAN COX, without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

74.     Defendants caused plaintiffs ZULEYKA MORALES and ALAN COX to be falsely arrested and unlawfully imprisoned.

75.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

76.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs ZULEYKA MORALES' and ALAN COX's constitutional rights.

78.     As a result of the aforementioned conduct of defendants, plaintiffs ZULEYKA MORALES and ALAN COX were subjected to excessive force and sustained physical and emotional injuries.

79.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of First Amendment under 42 U.S.C. § 1983)

80.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     In committing the acts and omissions complained of herein, defendants acted under color of state law, individually and in concert, to deprive plaintiffs of the rights protected by the First Amendment to the United States Constitution by directing the plaintiffs to be targeted for law

enforcement action in retaliation for their free speech.

82.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

85.     The defendants failed to intervene to prevent the unlawful conduct described herein.

86.     As a result of the foregoing, plaintiffs were subjected to excessive force, their liberty was restricted for an extended period of time, they was put in fear of her safety, they were humiliated and subjected to handcuffing and other physical restraints, arrested, and their First Amendment rights were violated.

87.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

88.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    The supervisory defendants personally caused plaintiffs constitutional injury by being participating in or being deliberately or consciously indifferent to the rights of plaintiffs in failing to properly supervise and train their subordinate employees.

90.    As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

91.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

93.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, responding to peaceful protests with excessive force and failing to allow protestors an opportunity to disperse before effecting mass arrests.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has

tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

94.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

95.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

96.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

97.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs ZULEYKA MORALES and ALAN COX were subjected to excessive force, falsely arrested, unlawfully imprisoned, and their First Amendment rights were infringed.

98.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

99.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

        A.     To be free from false arrest/unlawful imprisonment;

        B.     To be free from excessive force; and

        C.     To free speech.

100.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

101.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     Within ninety (90) days after the claim herein accrued, plaintiffs ZULEYKA MORALES and ALAN COX duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

103.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

104.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

105.     Plaintiffs ZULEYKA MORALES and ALAN COX have complied with all conditions precedent to maintaining the instant action.

106.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
<u>(Assault under the laws of the State of New York)</u>

107.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX were placed in apprehension of imminent harmful and offensive bodily contact.

109.    As a result of defendants' conduct, plaintiffs ZULEYKA MORALES and ALAN COX have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

110.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

111.    As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
<u>(Battery under the laws of the State of New York)</u>

112.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Defendants made offensive contact with plaintiffs ZULEYKA MORALES and ALAN COX without privilege or consent.

114.    As a result of defendants' conduct, plaintiffs ZULEYKA MORALES and ALAN COX suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

115.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

116.    As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

117.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Defendants arrested plaintiffs ZULEYKA MORALES and ALAN COX without probable cause.

119.    Plaintiffs ZULEYKA MORALES and ALAN COX were detained against their will for an extended period of time and subjected to physical restraints.

120.    As a result of the aforementioned conduct, plaintiffs ZULEYKA MORALES and ALAN COX were unlawfully imprisoned in violation of the laws of the State of New York.

121.    As a result of the aforementioned conduct, plaintiffs ZULEYKA MORALES and ALAN COX suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

122.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

123.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Violation of Article I, Section 8 under the New York State Constitution)

124.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.     The aforementioned conduct violated plaintiffs' rights to speech, expression, and to assemble under Article I, Section 8 of the New York State Constitution.

126.     As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

127.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the arrest, prosecution, and use of force against plaintiffs ZULEYKA MORALES and ALAN COX.

129.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

130.    As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

131.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and use of force against plaintiffs ZULEYKA MORALES and ALAN COX.

133.    As a result of the foregoing, plaintiffs ZULEYKA MORALES and ALAN COX are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
         May 11, 2022

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiffs ZULEYKA
MORALES and ALAN COX
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     *Brett Klein*
       _____
       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ZULEYKA MORALES and ALAN COX,

                                    Plaintiffs,

                    -against-

CITY OF NEW YORK, BILL DE BLASIO, Individually,
DERMOT SHEA, Individually, TERENCE MONAHAN,
Individually, PATRICK CONNOLLY, Individually,
ILEANA FELIZ, Individually, ELLIOT ZINSTEIN,
Individually, CHAD MACK, Individually,
DAVID LAMARRE, Individually, HARVEY RABEL,
Individually, PETER SOTIRIOU, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                      Defendants.

--------------------------------------------------------------------------------X

                    21 CV 7332 (AT)


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132