THE QUINN LAW FIRM, PLLC
Attorneys for Elliot Zinstein
399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997-0555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ZULEYKA MORALES and ALAN COX,                  :
                                               :
                                               :     Docket No. 21 CV 7332 (AT)
                              Plaintiffs,       :
                                               :
       -against-                               :     **ANSWER OF**
                                               :     **DEFENDANT**
CITY OF NEW YORK, BILL DE BLASIO, Individually, :     **ELLIOT ZINSTEIN TO**
DERMOT SHEA, Individually, TERRENCE MONAHAN, :        **SECOND AMENDED**
Individually, PATRICK CONNOLLY, Individually,   :     **COMPLAINT WITH**
ILEANA FELIZ, Individually, ELLIOT ZINSTEIN,    :     **CROSS CLAIMS**
Individually, CHAD MACK, Individually,          :
DAVID LAMARRE, Individually, HARVEY RABEL,      :
Individually, PETER SOTIRIOU, Individually, and JOHN :
and JANE DOE 1 through 10, Individually, (the names :
John and Jane Doe being fictitious, as the true names are :
presently unknown),                            :
                                               :
                              Defendants.       :
------------------------------------------------------------------- x

TO:

Brett Klein, Esq.
*Attorney for plaintiffs*
bklein@kleincivilrights.com

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for defendants the City of New York, De
Blasio, Shea, Monahan, Connolly, and Feliz*
New York, New York 10007
(212) 356-3159
Attn:  Andrew B. Spears, Esq.

Defendant Elliot Zinstein, by his attorneys, The Quinn Law Firm, PLLC, as and for his Answer to the Second-Amended Complaint of plaintiffs Zuleyka Morales and Alan Cox (D.E. 73), respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.　　Denies the truth of the allegations set forth in paragraph "1" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

<u>**JURISDICTION**</u>

2.　　Denies the truth of the allegations set forth in paragraph "2" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

3.　　Admits the truth of the allegations set forth in paragraph "3" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

<u>**VENUE**</u>

4.　　Admits the truth of the allegations set forth in paragraph "4" of the Second-Amended Complaint.

<u>**JURY DEMANDS**</u>

5.　　Admits the truth of the allegations set forth in paragraph "5" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

<u>**PARTIES**</u>

6.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Second-Amended Complaint.

7.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Second-Amended Complaint.

8.　　Admits the truth of the allegations set forth in paragraph "8" of the Second-

Amended Complaint.

9.      Admits the truth of the allegations set forth in paragraph "9" of the Second-Amended Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Second-Amended Complaint, except admits that Defendant Elliot Zinstein is a member of the NYPD.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Second-Amended Complaint, except admits that, at all relevant times, Defendant Elliot Zinstein was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second-Amended Complaint, except admits Defendant Elliot Zinstein was acting within the scope of his employment with defendant CITY

OF NEW YORK.

## **FACTS**

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Second-Amended Complaint.

17.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Second-Amended Complaint.

18.      Denies the truth of the allegations set forth in paragraph "18" of the Second-Amended Complaint.

19.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Second-Amended Complaint.

20.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Second-Amended Complaint.

21.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second-Amended Complaint.

22.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Second-Amended Complaint.

23.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Second-Amended Complaint, except admits and alleges that Defendant Elliot Zinstein was instructed and directed a supervisor that persons on the street after the effective curfew who had not heeded orders to disperse should be placed under arrest.

24.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Second-Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Second-Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Second-Amended Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Second-Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Second-Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Second-Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Second-Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Second-Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Second-Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Second-Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Second-Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Second-Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "36" of the Second-Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Second-Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Second-Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Second-Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Second-Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Second-Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Second-Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Second-Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Second-Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Second-Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Second-Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Second-Amended Complaint.

48.     Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph "48" of the Second-Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Second-Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

52.     Denies knowledge or information sufficient for form a belief as to the truth of the allegations set forth in paragraph "52" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

53.     Denies the truth of the allegations set forth in paragraph "53" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

54.     Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph "54" of the Second-Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Second-Amended Complaint.

56.     Denies the truth of the allegations set forth in paragraph "56" of the Second-Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Second-Amended Complaint.

58.     Denies the truth of the allegations set forth in paragraph "58" of the Second-Amended Complaint.

59.     Denies the truth of the allegations set forth in paragraph "59" of the Second-Amended Complaint.

60.     Denies the truth of the allegations set forth in paragraph "60" of the Second-Amended Complaint.

61.     Denies the truth of the allegations set forth in paragraph "61" of the Second-Amended Complaint.

62.     Denies the truth of the allegations set forth in paragraph "62" of the Second-Amended Complaint.

63.     Denies the truth of the allegations set forth in paragraph "63" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Second-Amended Complaint.

65.     Denies the truth of the allegations set forth in paragraph "65" of the Second-Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

67.     Denies the truth of the allegations set forth in paragraph "67" of the Second-Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Second-Amended Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the truth of the allegations set forth in paragraph "69" of the Second-Amended Complaint, except admits and alleges that Defendant Elliot Zinstein at all times was acting pursuant to lawful orders of supervising officers.

70.    Denies the truth of the allegations set forth in paragraph "70" of the Second-Amended Complaint.

71.    Denies the truth of the allegations set forth in paragraph "71" of the Second-Amended Complaint.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

72.    Repeats and realleges each of the responses in paragraphs 1 through 71 above as if fully set forth herein.

73.    Denies the truth of the allegations set forth in paragraph "73" of the Second-Amended Complaint.

74.    Denies the truth of the allegations set forth in paragraph "74" of the Second-Amended Complaint.

75.    Denies the truth of the allegations set forth in paragraph "75" of the Second-Amended Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

76.    Repeats and realleges each of the responses in paragraphs 1 through 75 above as if fully set forth herein.

77.    Denies the truth of the allegations set forth in paragraph "77" of the Second-Amended Complaint.

78.     Denies the truth of the allegations set forth in paragraph "78" of the Second-Amended Complaint.

79.     Denies the truth of the allegations set forth in paragraph "79" of the Second-Amended Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of First Amendment under 42 U.S.C. § 1983)

80.     Repeats and realleges each of the responses in paragraph 1 through 79 above as if fully set forth herein.

81.     Denies the truth of the allegations set forth in paragraph "81" of the Second-Amended Complaint.

82.     Denies the truth of the allegations set forth in paragraph "82" of the Second-Amended Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

83.     Repeats and realleges each of the responses in paragraphs 1 through 82 above as if fully set forth herein.

84.     Denies the truth of the allegations set forth in paragraph "84" of the Second-Amended Complaint.

85.     Denies the truth of the allegations set forth in paragraph "85" of the Second-Amended Complaint.

86.     Denies the truth of the allegations set forth in paragraph "86" of the Second-Amended Complaint.

87.     Denies the truth of the allegations set forth in paragraph "87" of the Second-Amended Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION**
<u>(Supervisory Liability under 42 U.S.C. § 1983)</u>

88.     Repeats and realleges each of the responses in paragraphs 1 through 87 above as if fully set forth herein.

89.     Denies the truth of the allegations set forth in paragraph "89" of the Second-Amended Complaint.

90.     Denies the truth of the allegations set forth in paragraph "90" of the Second-Amended Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION**
<u>(Municipal Liability under 42 U.S.C. §1983)</u>

91.     Repeats and realleges each of the responses in paragraph 1 through 90 above as if fully set forth herein.

92.     Denies the truth of the allegations set forth in paragraph "92" of the Second-Amended Complaint.

93.     Denies the truth of the allegations set forth in paragraph "93" of the Second-Amended Complaint.

94.     Denies the truth of the allegations set forth in paragraph "94" of the Second-Amended Complaint.

95.     Denies the truth of the allegations set forth in paragraph "95" of the Second-Amended Complaint

96.     Denies the truth of the allegations set forth in paragraph "96" of the Second-Amended Complaint.

97.     Denies the truth of the allegations set forth in paragraph "97" of the Second-Amended Complaint.

98.     Denies the truth of the allegations set forth in paragraph "98" of the Second-Amended Complaint.

99.     Denies the truth of the allegations set forth in paragraph "99" of the Second-Amended Complaint.

100.    Denies the truth of the allegations set forth in paragraph "100" of the Second-Amended Complaint.

## Supplemental State Law Claims

101.    Repeats and realleges each of the responses in paragraphs 1 through 100 above as if fully set forth herein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Second-Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Second-Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Second-Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Second-Amended Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

107.    Repeats and realleges each of the responses in paragraphs 1 through 106 above as if fully set forth herein.

108.     Denies the truth of the allegations set forth in paragraph "108" of the Second-Amended Complaint.

109.     Denies the truth of the allegations set forth in paragraph "109" of the Second-Amended Complaint.

110.     Denies the truth of the allegations set forth in paragraph "110" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

111.     Denies the truth of the allegations set forth in paragraph "111" of the Second-Amended Complaint.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

112.     Repeats and realleges each of the responses in paragraphs 1 through 111 above as if fully set forth herein.

113.     Denies the truth of the allegations set forth in paragraph "113" of the Second-Amended Complaint.

114.     Denies the truth of the allegations set forth in paragraph "114" of the Second-Amended Complaint.

115.     Denies the truth of the allegations set forth in paragraph "115" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

116.     Denies the truth of the allegations set forth in paragraph "116" of the Second-Amended Complaint.

**AS AND FOR A NINTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

117.     Repeats and realleges each of the responses in paragraphs 1 through 116 above as if fully set forth herein.

118.    Denies the truth of the allegations set forth in paragraph "118" of the Second-Amended Complaint.

119.    Denies the truth of the allegations set forth in paragraph "119" of the Second-Amended Complaint.

120.    Denies the truth of the allegations set forth in paragraph "120" of the Second-Amended Complaint.

121.    Denies the truth of the allegations set forth in paragraph "121" of the Second-Amended Complaint.

122.    Denies the truth of the allegations set forth in paragraph "122" of the Second-Amended Complaint, and respectfully refers all questions of law to the Court.

123.    Denies the truth of the allegations set forth in paragraph "123" of the Second-Amended Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Violation of Article I, Section 8 under the New York State Constitution)

124.    Repeats and realleges each of the responses in paragraphs 1 through 123 above as if fully set forth herein.

125.    Denies the truth of the allegations set forth in paragraph "125" of the Second-Amended Complaint.

126.    Denies the truth of the allegations set forth in paragraph "126" of the Second-Amended Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

127.    Repeats and realleges each of the responses in paragraph 1 through 126 above as if fully set forth herein.

128.    Denies the truth of the allegations set forth in paragraph "128" of the Second-Amended Complaint.

129.    Denies the truth of the allegations set forth in paragraph "129" of the Second-Amended Complaint.

130.    Denies the truth of the allegations set forth in paragraph "130" of the Second-Amended Complaint.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

131.    Repeats and realleges each of the responses in paragraphs 1 through 130 above as if fully set forth herein.

132.    Denies the truth of the allegations set forth in paragraph "132" of the Second-Amended Complaint.

133.    Denies the truth of the allegations set forth in paragraph "133" of the Second-Amended Complaint.

### AFFIRMATIVE DEFENSES

### As and for a First Affirmative Defense

134.    The Amended Complaint fails to state a claim upon which relief may be granted as against defendant Elliot Zinstein.

### As and for a Second Affirmative Defense

135.    To the extent defendant Elliot Zinstein deployed his service revolver, pepper spray and/or a baton, or used other force, during the at-issue incident, it was objectively reasonable for him to do so in light of the circumstances facing him at the time.

<u>As and for a Third Affirmative Defense</u>

136.    Defendant Elliot Zinstein is entitled to qualified immunity.

<u>As and for a Fourth Affirmative Defense</u>

137.    Any injuries alleged to have been sustained by plaintiffs resulted from the culpable or negligent conduct of plaintiffs, or from the actions of other persons, and were not the proximate result of any act of defendant Elliot Zinstein.

<u>As and for a Fifth Affirmative Defense</u>

138.    Defendant Elliot Zinstein has not violated any rights, privileges or immunities of the plaintiffs under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

<u>As and for a Sixth Affirmative Defense</u>

139.    Defendant Elliot Zinstein did not intentionally or otherwise interfere, or attempt to interfere, with the lawful video recording of a law enforcement activity.

<u>As and for a Seventh Affirmative Defense</u>

140.    There was probable cause to believe that plaintiffs were engaging in conduct that violated provisions of the New York Penal Law and/or a curfew imposed by executive order of the Mayor of New York City.

<u>As and for an Eighth Affirmative Defense</u>

141.    The liability of defendant Elliot Zinstein, if any, to either of the plaintiffs is limited to his equitable share to be determined in accordance with the relative culpability of all parties contributing to the alleged losses sustained.

## <u>CROSS-CLAIMS AGAINST DEFENDANT THE CITY OF NEW YORK</u>

### <u>AS AND FOR A FIRST CROSS CLAIM</u>

142.    Defendant Elliot Zinstein repeats, reiterates and realleges paragraphs "1" through

"141" herein as if fully restated at length.

143.   The actions of Defendant Elliot Zinstein at the time and date in issue were performed as part of his duty, and he was properly acting within the scope of his office as a New York City Police Officer, and any liability to plaintiffs must be assumed by the City of New York pursuant to Section 50-k of the New York General Municipal Law.

<u>AS AND FOR A SECOND CROSS CLAIM</u>

144.   Defendant Elliot Zinstein repeats, reiterates and realleges paragraphs "1" through "143" herein as if fully restated at length.

145.   Defendant Elliot Zinstein, as a result of the institution of this action is exposed to potential financial liabilities due to the fact that he secured the services of an attorney to represent him.

146.   The actions of defendant Elliot Zinstein at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his office as a New York City Police Officer, and the expense of his legal defense must be assumed by the City of New York, pursuant to Section 50-k of the New York General Municipal Law.

147.   By reason of the foregoing, defendant Elliot Zinstein will be damaged in an uncalculated amount and he demands the payment of all reasonable attorneys' fees and other disbursements and costs incurred in the defense of this action from the City of New York.

<u>AS AND FOR A THIRD CROSS CLAIM</u>

148.   Defendant Elliot Zinstein repeats, reiterates and realleges paragraphs "1" through "147" herein as if fully stated at length.

149.   If plaintiffs suffered any damages as alleged in the Amended Complaint due to the culpable conduct, if any, of defendant Elliot Zinstein, then such damages were due to the culpable conduct, negligent acts or omissions of the City of New York.

150.     The actions of defendant Elliot Zinstein at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his employment and office as a New York City Police Officer, and any resulting liability to plaintiffs must be assumed by Defendant Elliot Zinstein's employer, The City of New York, pursuant to the principle of respondeat superior.

151.     Based on the principle of respondeat superior, if plaintiffs, or any one of them, recover any judgment against defendant Elliot Zinstein, then he is entitled to recover the amount of such judgment from defendant City of New York.

<u>AS AND FOR A FOURTH CROSS CLAIM</u>

152.     Defendant Elliot Zinstein repeats, reiterates and realleges paragraphs "1" through "151" herein as if fully restated at length.

153.     Pursuant to New York General Municipal Law Section 15-108(a), should plaintiffs be awarded damages at trial, the Court should reduce the amount of defendant Elliot Zinstein's liability by the full amount of any pre-trial settlement between plaintiffs, or any one of them, and the City of New York, and any other settling defendant(s).

**WHEREFORE,** Defendant Elliot Zinstein demands judgment:

1.      Dismissing the Amended Complaint in its entirety as against defendant Elliot Zinstein, with prejudice;

2.      Requiring indemnification of any judgment against defendant Elliot Zinstein by defendant City of New York;

3.      Requiring the defense of defendant Elliot Zinstein, including payment of all attorney's fees and disbursements, by defendant City of New York;

4.      An order awarding defendant Elliot Zinstein the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action; and

5.      Such other, different or further relief as the Court in its discretion may deem just and proper.

Dated:  White Plains, New York
        March 9, 2023

                              Respectfully submitted,

                              THE QUINN LAW FIRM, PLLC
                              Attorneys for Elliot Zinstein


                              *Lalit K. Loomba*
                              _____
                              Lalit K. Loomba, Esq.

                              399 Knollwood Road, Suite 220
                              White Plains, New York 10603
                              Tel: (914) 997-0555
                              lloomba@quinnlawny.com


To:     All Counsel of Record (by ECF)